UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Decaress SMITH<br>    Petitioner<br>    Pro-Se<br><br>vs<br><br>David L. WINN<br>    Respondent | )<br>)<br>)<br>)<br>) Civil Action No. 04-40126-RW2<br>)<br>)<br>) |

### PETITIONER'S SUPPLEMENT MOTION

1. The Petitioner brings forth the final procedure regarding exhaustion of the BOP's administrative remedy. <u>See</u>: Attachment of such procedure attached.

2. <u>In White vs Scibana</u>, ____ F.Supp.2d ____, 2004, WL 877606 (W.D. Wis. April 23, 2004), Chief Judge CRABB reviwed the same statutory construction arguments made in Mr. MUJAHID's case, and concluded that **18 USC §3624(b)**, unambiguously requires that a prisoner serving a ten (10) year sentence be eligible for up to 540 days of good time credit, not the 470 days allowed by the BOP.

3. Further, the Court pointed to the areas of statutory construction, not addressed in <u>Pacheco-CAmacho vs Hood</u>, 272 F.3d 1266 (9th Circuit, 2001), that established that "term of imprisonment" unambiguously means the sentence imposed by the Judge, not time actually served.

4. Therefore, Petitioner requests ruling upon the Supreme Court

for such issue has been ruled favorable for prisoners, now the BOP has such ruling under appeal.

Dated December 13, 2004                    Respectfully Submitted,

                                                                     _Decaress Smith_
                                                                     Decaress SMITH
                                                                     Petitioner
                                                                     Pro-Se

DEV 1330.13B
April 20, 2001
Attachment A

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH THE ORIGINAL OF THIS FORM TO EACH BP-9 WHEN THE COMPLAINT CANNOT BE INFORMALLY RESOLVED. THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT THOSE APPEALING UDC ACTIONS. INFORMAL RESOLUTION FORMS WILL NEVER BE GIVEN TO THE INMATE TO COMPLETE.

NAME: SMITH, Decaress   REG. NO.: 08749-055   UNIT: J CC A

DATE BP-9 REQUESTED: 7-16-04

DATE BP-9 ISSUED: 7-16-04

DATE BP-9 RETURNED: _____

INMATE'S COMPLAINT: I am requesting that my sentence be recalculated in accordance with the express provisions of (18 U.S.C. 3624 (B)), as well as the ruling of White v. Scibana. Such good time should be afforded from time of sentence.

RELIEF REQUESTED: That such good time be recalculated in accordance with the ruling of White v. Scibana.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: Upon review of your complaint it has been determined that you must take the next step in the administrative remedy process as your complaint cannot be informally resolved.

CORRECTIONAL COUNSELOR: J. Nelson / [signature]   DATE: 7-15-04

UNIT MANAGER'S COMMENTS/ASSISTANCE:

Noted.

UNIT MANAGER: [signature] Hernandez   DATE: 7/15/04

S. DEPARTMENT OF JUSTICE  
leral Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

7-16-04  
OFS

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: SMITH, DECARESS | 08749-055 | J-A | F.M.C. DEVENS
--- | --- | --- | ---
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST**

I'M REQUESTING THAT MY GOOD TIME BE RECALCULATED AND THAT I BE AFFORDED THE PROPER ADJUSTMENTS WITH RESPECT TO MY GOOD TIME, AND THE PROVISIONS OF ( 18 U.S.C. 3624 ) (B) WITH THE RECENT RULING OF WHITE VS. SCIBANA. HOWEVER, THE RESULTS OF THIS COMPLAINT WILL BE USED AS AN EXHIBIT SHOWING JUST CAUSE TO MY EXHAUSTING MY ADMINISTRATIVE PROCEDURE WITHIN THE COURTS, WHEN I CAN'T PROCEED ANY FURTHER WITHIN THE B.O.P.

7-19-04  
DATE

*Decaress Smith*  
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

　

DATE                       WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**      CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #345552-F1**

This is in response to your Request for Administrative Remedy wherein you request that your Good Conduct Time (GCT) be recalculated in accordance with the provisions of 18 U.S.C. 3624(B).

Section 3624(b) states in pertinent part: ...a prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term....credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

The Bureau has implemented the language of 3624(b) by promulgation of policy 28 CFR 523.20 and P.S. 5880.28, Sentence Computation Manual (CCCA of 1984). The Bureau has interpreted section 3624(b) to permit the Bureau to award GCT only for time actually served rather than on the time imposed. This interpretation has been upheld in two judicial circuits.

Based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

_____        8/2/4
David L. Winn, Warden                  Date

DEV/LG
08/05

U.S. Department of Justice                              **Regional Administrative Remedy Appeal**                D's
Federal Bureau of Prisons                                                                                          F-S-04

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __SMITH, DECARESS__         __08749-055__      __J-A__      __F.M.C. DEVENS__
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT           INSTITUTION

Part A—REASON FOR APPEAL

BASED ON THE RESULTS OF THE B.P.- (8) AND (9), I AM NOT SATISFIED WITH SUCH DECISION. SO I REQUEST THAT THIS MATTER BE REVIEWED FROM A HIGHER LEVEL. " SEE ATTACHMENT'S."

IT IS ALSO REQUESTED THAT THIS FACILITY ( F.M.C. DEVENS ) CORRECT IT'S INTERPRETED UNDERSTANDING OF THE LANGUAGE 3624 (B) IN ACCORDANCE WITH POLICY 28 CFR 523.20 AND P.S. 5880.28, AND ACTIVELY RESPECT AND CORRECT MY SENTENCE COMPUTATION WITH THE RECENT RULING OF WHITE VS. SCIBANA.

__8-9-04__                                              __Decaress Smith__
  DATE                                                     SIGNATURE OF REQUESTER

Part B—RESPONSE

_____                                     _____
  DATE                                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: _____

---

Part C—RECEIPT

                                                        CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

SMITH
Reg. No. 08749-055
Appeal No. 345552-R1
Page Two

---

## PART B - RESPONSE

In your appeal, you state your good conduct time (GCT) is being calculated incorrectly. You believe 18 U.S.C. § 3624(b) allows you to earn 54 days of GCT per year of your sentence as imposed. As relief, you request recalculation of your GCT.

A review of your appeal has revealed that you are serving a sentence of 210 months imposed on November 15, 1996, for an offense you committed on April 7, 1996. The version of § 3624(b) authorizing the Bureau to award GCT in your case provided the following. "A prisoner ... who is serving a term of imprisonment of more than one year, other than [life], shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, the prisoner has not satisfactorily complied with ... institutional disciplinary regulations.... Credit for the last year or portion of a year of the term of imprisonment shall be prorated...." Under § 3624(b), prisoners serving a sentence for a crime of violence must display exemplary compliance with disciplinary rules. The interpretation of § 3624(b) by the Bureau in Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u>, Pages 1-40 and 1-41 mirrors the statute: and states: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." The statute requires credit after the actual service of a year. The Bureau reasonably interpreted this part of the statute to require properly awarded 54 days GCT be subtracted from the remainder of the sentence, not from the year already served. If the Bureau computed GCT in the manner you request as relief, then the Bureau would violate the statutory mandate that the GCT be awarded at the end of each year of imprisonment. The institution correctly determined your eligibility for GCT. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: September 9, 2004

D. SCOTT DODRILL
Regional Director

ISSUED

Federal Bureau of Prisons

*If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.*

| From: | SMITH DECARESS | 08749-055 | J-A | F.M.C. DEVENS |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I AM STILL TOTALLY DISSATISFIED WITH THE DECISION OF THE REGIONAL DIRECTOR, SINCE THEIR ARE OTHER VARIOUS STATE'S THAT ARE IN COMPLIANCE WITH THE RULING OF WHITE -V- SCIBANA, DOCKET NO # 03-C-581-C ( W.D. WISCONSIN ) ( CRAbb, J. ). MORE IMPORTANTLY, THIS CIRCUIT HAS YET TO MAKE A RULING WITH RESPECT TO THIS MATTER, AND THE PURPOSE OF THIS COMPLAINT IS FOR THE FILING OF MY ADMINISTRATIVE EXHAUSTION, SO THAT THE COURTS CAN MAKE A RULING WITH A CORRECT ▮▮▮▮ INTERPRETATION OF THE STATUTE 18 U.S.C. ( 3624) (B).

9-22-04  
DATE                                         SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____  
DATE

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**

_____  
GENERAL COUNSEL  
CASE NUMBER: _____

CASE NUMBER: _____

Return to: _____  
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____  
DATE               SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                          Printed on Recycled Paper                 BP-231(13)  
APRIL 1982

```
      DEVAU           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     12-07-2004
   PAGE 020 OF 020 *            FULL SCREEN FORMAT               *        09:58:28

   REGNO: 08749-055 NAME: SMITH, DECARESS
   RSP OF...: DEV UNT/LOC/DST: J CC                QTR.: J01-122L   RCV OFC: BOP
   REMEDY ID: 345552-A1       SUB1: 31ZM SUB2:     DATE RCV:    09-28-2004
   UNT RCV..: J CC        QTR RCV.: J01-122L       FACL RCV: DEV
   UNT ORG..: J CC        QTR ORG.: J01-122L       FACL ORG: DEV
   EVT FACL.: DEV    ACC LEV:  DEV  1 NER  1 BOP   1   RESP DUE:  SAT   11-27-2004
   ABSTRACT.: 54 DAY GCT ISSUE (WHITE DECISION)
   STATUS DT: 11-19-2004  STATUS CODE: CLD STATUS REASON: DNY
   INCRPTNO.:          RCT: P EXT: P DATE ENTD: 10-14-2004
   REMARKS..:




                   19 REMEDY SUBMISSION(S) SELECTED
   G0000           TRANSACTION SUCCESSFULLY COMPLETED
```