UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DECARESS SMITH, ) | |
| ) | Civil Action No. 04-CV-40126-RWZ |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID L. WINN, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**RESPONDENT'S MOTION TO DISMISS**

**INTRODUCTION**

The petitioner, Decaress Smith ("Smith"), a prisoner at the Federal Medical Center, Devens ("FMC Devens"), filed a Petition for Writ of Mandamus and/or Habeas Corpus, and Authority in Support Thereof, Brought Pursuant to Title 28, United States Code, Sections 1361, and 2241 ("Petition"), alleging that the Federal Bureau of Prisons ("BOP") incorrectly calculated his credit for good conduct time ("GCT"). For the reasons stated below, that Petition fails to state a claim upon which relief can be granted and must be dismissed.

**BACKGROUND**

On November 15, 1996, the United States District Court for the Western District of New York sentenced Smith to a 210-month (17 years and 6 months) term of incarceration with a three year term of supervised release to follow for Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). See Exhibit 1. Federal statute provides that federal prisoners can annually receive fifty-four days of GCT credit as long as they behave appropriately

1

during their incarceration.  See, 18 U.S.C. § 3624(b). [1]  The BOP calculates and awards GCT credit based on the time the prisoner actually serves.  Thus far, the BOP has awarded Smith 245 days GCT credit, and he has the potential to earn a total of 660 days GCT credit, which would effectively reduce Smith's sentence by one year and 295 days.  See Exhibit 2.

On April 23, 2004, the United States District Court for the Western District of Wisconsin ruled that the method the BOP uses to calculate GCT credit is inconsistent with the intent of 18 U.S.C. § 3624(b).  See, White v. Scibana, 314 F. Supp.2d 834 (W.D. Wis. 2004 ), reversed. 390 F.3d 997 (7th Cir. 2004).  The district court stated the method of calculation should be based upon the "sentence imposed" rather than the actual "time served."  See Id.  Under that method of calculation Smith would have the potential of earning 740 days GCT credit, 80 days more than the current method of calculation used by the BOP.

Relying upon the District Court's decision in White v. Scibana, Smith, on or about July

---

[1] That statute provides in relevant part:

(b) Credit toward service of sentence for satisfactory behavior.

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.***  Credit that has been earned may not later be granted.  Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

19, 2004, submitted a Request for Administrative Remedy requesting that the Warden at FMC Devens "recalculate[] and that [he] be afforded the proper adjustments with respect to [his] good time, and the provisions of 18 U.S.C. § 3624(b). . . ".  See, Exhibit 3.  That request was denied and Smith filed several administrative appeals, which were also denied.  Now Smith, in the Petition pending before the court, requests the court "compel the [BOP] to calculate his federal sentence of imprisonment in accordance with the express provisions of 18 U.S.C. § 3624(b). . . ."[2]

## LEGAL ARGUMENT

As he did during his administrative appeals, Smith's Petition relys upon the District Court's decision in White v. Scibana for the proposition that "BOP's method of calculation good conduct time, pursuant to 18 U.S.C. § 3624(b), is erroneous."  See, Petition at 3.  After Smith filed his Petition, however, the United States Court of Appeals for the Seventh Ciruit ruled that the lower court's holding in White v. Scibana was wrong and that BOP's method of calculating GCT credit for prisoners is consistent with the language of 18 U.S.C. § 3624. White v. Scibana, 390 F.3d 997, 1001 (7th Cir. 2004)(reversing White v. Scibana, 314 F. Supp.2d 834 (W.D. Wis. 2004 )).  More significantly, on January 7, 2005, the United States Court of Appeals for the First Circuit joined the Seventh Ciriut in also ruling that the BOP's method of calculating GCT credit based on the time actually served, rather than on the sentence imposed  is consistent with the language of 18 U.S.C. § 3624(b).  Perez-Olivo v. Chavez, 394 F.3d 45, 52 (1st Cir.

---

[2]At least five other FMC Devens federal prisoners filed the same fill-in-the-blank Petition that Smith filed with the court and each of them has been dismissed.  See, Nass v. Winn 04-40105 (dismissed 01/25/05 by Judge Tauro); Loudon v. Winn, 04-40122 (dismissed 01/19/05 by Judge Lindsay);  Portier v. Winn, 04-40133 (dismissed 01/31/05 by Judge Gertner); Gaton v. Winn, 04-40157(dismissed 12/14/04 by Judge Woodlock);  Blas v. Winn, 04-40211 (dismissed 01/31/05 by Judge Gertner).

2005).

The First Circuit's decision in <u>Perez-Olivo v. Chavez</u> squarely rejects the arguments contained in Smith's Petition. <u>Id</u>.  Therefore, the United States submits that this honorable Court is bound by the First Circuit's <u>Perez-Olivo v. Chavez</u> decision and, therefore, can not provide Smith the relief he requests.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Petition fails to state a claim upon which relief can be granted and must be dismissed.


        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney


By:  <u>/s/ Christopher Alberto</u>
     CHRISTOPHER ALBERTO
     Assistant United States Attorney
     United States Attorney's Office
     John Joseph Moakley U.S. Courthouse
     1 Courthouse Way, Suite 9200
     Boston, MA  02210
     617-748-3311

Dated: February 25, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing Memorandum of Law in Support of Respondent's Motion to Dismiss, and the accompanying exhibits, by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Decaress Smith, Reg. No.08749-055, FMC Devens, P.O. Box 879, Ayer, MA 01432

This 25th day of February, 2005

                                                /s/ Christopher Alberto
                                                Christopher Alberto
                                                Assistant U.S. Attorney