United States District Court
District Of Massachusetts

| | |
|---|---|
| Decaress Smith,<br>   Petitioner,<br><br>v.<br><br>David L. Winn, Warden<br>   Respondent. | Civil Action No. 04-CV-40126-RWZ<br><br>MEMORANDUM OF LAW IN SUPPORT<br>OF PETITIONER'S SUPPLEMENTAL<br>MOTION. |

<u>Legal Argument</u>

    The Respondent, David L. Winn (Warden) at the Federal Medical Center, Devens, filed a Motion to Dismiss Petition for Writ of Mandamus and/or Habeas Corpus, and authority in suuport thereof, brought pursuant to title 28, United States Code, Section 1361, and 2241 ("Petition"), alleging that the Federal Bureau of Prisons ("BOP") is incorrect calculating Petitioners Credit for Good conduct time ("GCT").

    (1) The 7th Circuit recently reversed Judge Crabb's Ruling in <u>White v. Scibana,</u> 390 F.3d 997(7th Cir.2004), finding the good-time Statute "ambiguous" and deffering to the BOP's Reading of the Statute. However, a Judge in the District of Maryland has agreed with Petitioner's interpretation, but stayed such ruling pending the resolution of the question in <u>Yi v.Brooks</u> before the 4th circuit court of appeals. <u>Williams v. Dewalt,</u> ____F.Supp.2d____, 2004 wl 3022300,(D.Md., Dec 29, 2004).

    (2) Meanwhile, the Supreme Court in several recent cases (<u>INS v. St. Cyr</u>, 533 U.S.289(2001)), <u>Leo Cal v. Ashcroft</u>, 125 S.Ct. 377 (2004) and <u>Martinez v. Clark</u>, 125 S.Ct 716 (2005)

-1-

breathed new life into arguments that, should the court determine that the statute governing good time is ambiguous, before the court defers to the BOP's interpretation, it must apply Rules of Statutory construction that favor the petitioner's position.

(3) These decisions, while not addressing the BOP's interpretation of the Good-time Statute, nonetheless offeR reasoning that the 9th Circuit's Ruling in <u>Pacheco-Camacho v. Hoo</u>d, 272 F.3d 1266 (9th Cir. 2001) any ambiguity must be resolved in favor of the prisoner. Besides those, cases are pending in the 2nd, 4th, 5th, 8th, and 11th circuits and followed by many courts, that the BOP's interpretation of the Good-Time Statute must be deferred to by the Courts.

## Conclusion

For the Foregoing Reasons, the Petition does State a Claim upon which relief can be granted

*Deacaress Smith*
Respectfully Submitted,
Deacaress Smith
Pro-se Petitioner
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

Dated: March 26th, 2005